UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION



*SAMIR ALMUDHAFER*, Plaintiff, pro se,

v.

*SPOTSYLVANIA COUNTY PUBLIC SCHOOLS, et al.*, Defendants.

Civil Action No. 3:25CV1075 (Judge Roderick C. Young)

Dated: January 9, 2026

AMENDED COMPLAINT (RULE 8) (JURY TRIAL DEMANDED)

**I. PARTIES**

1. Plaintiff Samir Almudhafer is a resident of Spotsylvania County, Virginia.

2. Defendant Spotsylvania County Public Schools / The School Board of Spotsylvania County, Virginia ("SCPS") operates Courtland High School and receives federal financial assistance.

3. Defendant Clifton Conway was Principal of Courtland High School during the relevant period.

4. Defendant Kamiel Ricks was an Assistant Principal at Courtland High School during the relevant period.

5. Student/individual defendants: Christopher Michael Salazar; Ruben Navarro; Nayelli Moreno; William Jett; Areia Minton-Smith; Astrid Denbo; Kendra Williams; and John Skyler Lopez (collectively, the "Individual Defendants").

## II. JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986 and Title VI, 42 U.S.C. § 2000d.

## III. VENUE

7. Venue is proper under 28 U.S.C. § 1391(b) because the relevant events occurred in Spotsylvania County and Stafford County, Virginia, within this District.

## IV. TIMELINESS / TOLLING

8. Plaintiff was born January 25, 2007 and reached majority January 25, 2025. Plaintiff pleads tolling during minority under Va. Code § 8.01-229(A)(1) to the extent applicable,

including for claims borrowing Virginia limitations rules via 42 U.S.C. § 1988. Plaintiff pleads this action is timely, including as to § 1986's one-year period.

## V. RULE 8 / OPERATIVE PLEADING

9. This Amended Complaint supersedes all prior pleadings and does not incorporate prior filings by reference.

## VI. AI CERTIFICATION

10. Plaintiff utilized artificial intelligence tools to assist drafting/formatting portions of this Amended Complaint. Plaintiff did legal research, reviewed and edited the final filing and asserts all factual allegations in good faith based on personal knowledge and/or information and belief.

## VII. FACTS

### A. Background / protected characteristics / disability context

11. Plaintiff attended SCPS schools and was enrolled at Courtland High School during the 2023–2024 school year (junior year).

12. Plaintiff is of Middle Eastern national origin/ethnicity and was perceived by peers as gay.

13. Plaintiff has documented mental health conditions including ADHD, Major Depressive Disorder, PTSD, and anxiety, and received ongoing treatment and appointments during the relevant period.

## B. Harassment and notice to school officials (SCPS / Conway / Ricks)

14. During the 2023–2024 school year, Plaintiff was subjected to peer slurs and threats at Courtland High School, including language referencing rape, killing, and decapitation, which Plaintiff understood as threats of serious harm.

15. Plaintiff's fear contributed to avoidance of school spaces and significant disruption to attendance, along with medical/therapy appointments.

16. Plaintiff and Plaintiff's parent(s) communicated safety concerns about threats and harassment to school personnel, including administrators and staff.

17. On or about February 29, 2024, Plaintiff attended a meeting with school personnel regarding Plaintiff's concerns and possible accommodations.

18. Following that meeting, school personnel stated: "there is no plan in place at this time for him to transition to virtual school," and that Plaintiff's Dual Enrollment class did not need to be changed.

19. On or about March 26, 2024, school counseling personnel acknowledged in writing that Plaintiff was "having problems with students."

20. School personnel proposed moving Plaintiff away from certain students in at least one class period; Plaintiff did not accept that approach because he understood it as shifting the burden onto him rather than addressing perpetrators.

21. Plaintiff's parent(s) raised that Plaintiff's absences included excused medical/therapy needs and safety-related avoidance, and objected to attendance enforcement being prioritized over safety intervention.

22. A teacher (Emily Kernisky) treated Plaintiff's disability-related needs and religious observances as "excuses" in writing, including: Plaintiff had "used a religious holiday, ADHD, and even a resolved conflict with another student as excuses for not having completed the work."

23. Plaintiff's parent responded that Plaintiff's medical and psychiatric appointments were real and that describing them as "excuses" was dismissive and harmful.

### C. Written notice and escalation to on-campus incident; forced transfer

24. On or about May 4, 2024, Plaintiff's parent sent a written complaint describing ongoing slurs and threats, including: students "consistently call Samir slurs, threaten that they would beat him up in soccer tryouts next year, and many other disgusting things," and

"This is no longer kids being childish, these are sadistic people who want to harm my son."

25. On or about May 6, 2024, the May 4 complaint was forwarded to school leadership, placing leadership on written notice of reported threats and requested corrective action.

26. On or about May 10, 2024, Plaintiff was physically confronted and chased on Courtland High School property by Defendant William Jett.

27. Plaintiff feared imminent physical injury and fled toward an area near the faculty/teacher lounge to seek protection from staff.

28. Plaintiff's friend Lindsey Johnson was present and witnessed parts of the incident and its immediate aftermath.

29. After May 10, 2024, school officials addressed the incident administratively and Jett was temporarily removed for a period of time.

30. Plaintiff's family determined Plaintiff could not safely remain at Courtland High School and Plaintiff transferred to Riverbend High School.

**D. Individual defendants — core conduct (students / school-community)**

31. Plaintiff alleges Christopher Michael Salazar engaged in repeated harassment and rumor-spreading about Plaintiff beginning in middle school and continuing into high school, including repeated use of homophobic slurs and sexualized rumors portraying Plaintiff as sexually predatory while knowing Plaintiff was a sexual assault ("SA") victim.

32. Plaintiff alleges Kendra Williams participated in sexualized rumor-spreading portraying Plaintiff as a sexual predator while knowing Plaintiff's SA victim status.

33. On October 10, 2021, Plaintiff confronted Williams by iMessage disputing a "rape thing" rumor, asked her to stop, and requested she correct the rumor to people she told.

34. In that iMessage exchange, Williams admitted publication to at least one third party by writing: "I TOLD FUCKING SEAN."

35. Plaintiff alleges Ruben Navarro used homophobic and disability-based insults and promoted a narrative portraying Plaintiff as "obsessed," "a fan," or "a stalker," including an accusation involving photos of a residence.

36. Plaintiff alleges Nayelli Moreno used homophobic slurs about Plaintiff in writing and participated in group communications framing Plaintiff's sexual orientation as a negative trait, including ridicule recorded and/or distributed to third parties.

37. Plaintiff alleges Areia Minton-Smith spread and republished false statements about Plaintiff and Lindsey Johnson, including a claim that Plaintiff and Lindsey "tried to beat her up," which Plaintiff alleges is false and contradicted by video.

38. Plaintiff alleges Astrid Denbo (a) published Plaintiff's phone number and paired it with the statement "that's why you got stabbed" (witnesses can attest), and (b) sent a threatened-violence message including "and we wont have to scrap ⸫" (sic).

39. Plaintiff alleges the conduct described above caused fear for personal safety, reputational harm, educational disruption, and severe emotional distress.

**E. Post-notice retaliation / intimidation; PPO; later assault**

40. In late December 2025, Plaintiff issued litigation-hold / evidence-preservation notices related to anticipated and filed litigation.

41. After Plaintiff sent a preservation notice to Ruben Navarro, Navarro sent messages stating in substance that Plaintiff was "delusional," committing "fraud," that Navarro would go to Plaintiff's house and tell Plaintiff's parents, file a report, and would "do something" if Plaintiff continued; Plaintiff understood this as intimidation.

42. A family member of Navarro contacted Plaintiff by telephone using profanity and threats intended to stop Plaintiff from pursuing legal action and/or contacting persons in the

Navarro household; Plaintiff's father heard the call.

43. On December 29, 2025, Plaintiff reported the conduct to law enforcement and obtained a case number.

44. On December 29, 2025, a General District Court judge issued a preliminary protective order involving Navarro; a hearing on a longer-term protective order was scheduled for January 12, 2026.

45. After preservation notices and filing notifications, a non-party associated with Nayelli Moreno sent Plaintiff a homophobic slur by message and then deleted it; Plaintiff preserved the occurrence and received laughing reactions in response.

46. On January 3, 2026, Astrid Denbo and Denbo's father came to Plaintiff's residence without invitation and denied wrongdoing; Plaintiff preserved a recording of the encounter.

47. After notice of litigation and preservation obligations, Christopher Salazar accessed prior messaging threads and created screen recordings of older conversations.

48. On or about January 6, 2026, Defendant John Skyler Lopez physically and sexually assaulted Plaintiff in Stafford County, Virginia, causing nose bleeding and a medically

confirmed nasal fracture.

49. A Virginia magistrate issued an Emergency Protective Order against Lopez in connection with the assault and a criminal case was opened.

## VIII. CLAIMS FOR RELIEF

**COUNT I — 42 U.S.C. § 1983 (Equal Protection / Deliberate Indifference) — SCPS**

(Defendant: SCPS; Supported by FACTS ¶¶ 11–30)

50. Plaintiff realleges FACTS ¶¶ 11–30.

51. Plaintiff alleges SCPS had actual notice of harassment/threats through reports and written communications (¶¶ 16–25) and responded with deliberate indifference before the May 10 incident and thereafter (¶¶ 18–30), resulting in denial of equal access to education and forced transfer (¶¶ 26–30).

**COUNT II — Title VI, 42 U.S.C. § 2000d (National Origin Hostile Environment / Deliberate Indifference) — SCPS**

(Defendant: SCPS; Supported by FACTS ¶¶ 11–30)

52. Plaintiff realleges FACTS ¶¶ 11–30.

53. Plaintiff alleges national-origin-based harassment occurred in the school environment and, after actual notice, SCPS failed to take prompt and effective corrective action before escalation and transfer (¶¶ 14–30).

**COUNT III — 42 U.S.C. § 1983 (Equal Protection — Individual Liability) — Conway and Ricks**

(Defendants: Conway, Ricks; Supported by FACTS ¶¶ 16–30)

54. Plaintiff realleges FACTS ¶¶ 16–30.

55. Plaintiff alleges Conway and Ricks had actual notice via reports and written communications and failed to implement effective separation/safety planning or discipline sufficient to stop escalation, resulting in May 10 harm and forced transfer.

**COUNT IV — 42 U.S.C. § 1985(3) (Private Conspiracy to Deprive Equal Protection) — Individual Defendants**

(Defendants: Salazar, Navarro, Moreno, Jett, Minton-Smith, Denbo, Williams; Supported by FACTS ¶¶ 31–39)

56. Plaintiff realleges FACTS ¶¶ 31–39.

57. Plaintiff alleges two or more of the Individual Defendants acted in concert using identity-based harassment, threats, and stigmatizing narratives tied to national origin and perceived sexual orientation, and Plaintiff suffered injury including educational disruption and severe emotional distress.

**COUNT V — 42 U.S.C. § 1986 (Neglect to Prevent § 1985(3)) — Alternative**

(Defendants: any defendant with knowledge/power to prevent; Supported by FACTS ¶¶ 31–39)

58. Plaintiff realleges FACTS ¶¶ 31–39.

59. To the extent any defendant had knowledge of the § 1985(3) conspiracy, power to prevent it, and neglected or refused, Plaintiff seeks relief under § 1986.

## COUNT VI — 42 U.S.C. § 1985(2) (Deterrence / Retaliation Connected to Federal Proceedings) — Alternative

(Defendants: Navarro; Lopez; Doe Co-Conspirators; Supported by FACTS ¶¶ 40–49)

60. Plaintiff realleges FACTS ¶¶ 40–49.

61. Plaintiff alleges intimidation connected to Plaintiff's litigation activity, including threats (¶¶ 41–44) and physical and sexual injury (¶¶ 48–49).

## COUNT VII — 42 U.S.C. § 1986 (Neglect to Prevent § 1985(2)) — Alternative

(Defendants: any defendant with knowledge/power to prevent; Supported by FACTS ¶¶ 40–49)

62. Plaintiff realleges FACTS ¶¶ 40–49.

63. To the extent any defendant had knowledge of the § 1985(2) conspiracy, power to prevent it, and neglected or refused, Plaintiff seeks relief under § 1986.

## IX. PRAYER FOR RELIEF / JURY DEMAND

    64. Plaintiff seeks: (a) compensatory damages in the amounts listed below; (b) punitive damages against individual defendants where permitted by law; (c) declaratory relief; (d) injunctive relief as permitted; (e) costs and lawful interest.

Case 3:25-cv-01075-RCY    Document 7    Filed 01/09/26    Page 13 of 13 PageID# 401

13

65. Compensatory damages demanded: SCPS $10,000,000; Conway $1,000,000; Ricks $1,000,000; Salazar $25,000,000; Navarro $1,000,000; Moreno $1,000,000; Jett $5,000,000; Minton-Smith $5,000,000; Denbo $1,000,000; Williams $5,000,000; Lopez $5,000,000.

66. Punitive damages demanded: $350,000 against each individual defendant for whom punitive damages are permitted by law (Conway, Ricks, Salazar, Navarro, Moreno, Jett, Minton-Smith, Denbo, Williams, Lopez).

67. Plaintiff demands trial by jury on all issues triable.

Respectfully submitted,

Samir Almudhafer

*Samir Almudhafer*

Plaintiff, pro se

9613 Hazelbrook Ct.

01/09/2025

Fredericksburg, VA 22407

+1 (540) 455-7695

pharaoh.samir7@gmail.com