IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SAMIR ALMUDHAFER,<br>Plaintiff,<br><br>v.<br><br>SPOTSYLVANIA COUNTY PUBLIC SCHOOLS, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25CV1075 (RCY) |

**MEMORANDUM OPINION**

In its Order to Show Cause entered on January 7, 2026, the Court granted *pro se* Plaintiff Samir Almudhafer's application to proceed *in forma pauperis* ("IFP Application") but directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the accompanying Memorandum Opinion. Order, ECF No. 3; Mem. Op., ECF No. 2. Plaintiff was warned that failure to comply with the terms of the Order to Show Cause could result in dismissal of the action. Order, ECF No. 3. On January 9, 2026, the Court received and docketed Plaintiff's Amended Complaint, ECF No. 7, which became the operative Complaint in this action, per the Court's Order to Show Cause. After reviewing the Amended Complaint pursuant to 28 U.S.C. § 1915, the Court will dismiss all of the claims in Plaintiff's Amended Complaint, except for Count Two, for failure to state a claim.

## I. SUMMARY OF ALLEGATIONS & CLAIMS

Plaintiff was enrolled as a junior at Courtland High School, part of Spotsylvania County Public Schools ("SCPS"), during the 2023–2024 school year. Am. Compl. ¶ 11, ECF No. 7. Plaintiff is of Middle Eastern national origin/ethnicity and was perceived by his peers as gay. *Id.*

¶ 12. Plaintiff has documented mental health conditions including ADHD, Major Depressive Disorder, PTSD, and anxiety. *Id.* ¶ 13.

During the 2023–2024 school year, Plaintiff was subjected to slurs and threats, including language referencing rape, killing, and decapitation. *Id.* ¶ 14. Plaintiff and Plaintiff's parents communicated safety concerns about threats and harassment to school personnel, including administrators and staff. *Id.* ¶ 16. On February 29, 2024, Plaintiff attended a meeting with school personnel regarding his concerns and possible accommodations, but school personnel stated that there was no plan in place for Plaintiff to transition to virtual school and that his dual enrollment class did not need to be changed. *Id.* ¶¶ 17–18.

On March 26, 2024, school counseling personnel acknowledged in writing that Plaintiff was having issues with students; school personnel proposed moving Plaintiff away from certain students in at least one class period, but Plaintiff did not accept this approach because he perceived it as shifting the burden onto him rather than the alleged perpetrators. *Id.* ¶¶ 19–20. Plaintiff's parents objected to attendance enforcement being prioritized over safety and noted that Plaintiff's absences included excused medical/therapy needs and safety-related avoidance. *Id.* ¶ 21.

On May 4, 2024, Plaintiff's parents sent a written complaint describing the ongoing slurs and threats and this complaint was forwarded to school leadership on May 6, 2024. *Id.* ¶ 24–25. On May 10, 2024, Plaintiff was physically confronted and chased by Defendant William Jett. *Id.* ¶ 26. School officials addressed the incident administratively and Jett was temporarily removed. *Id.* ¶ 29. Plaintiff's family determined Plaintiff could not safely remain at Courtland High School and Plaintiff transferred to Riverbend High School. *Id.* ¶ 30.

Plaintiff alleges Defendant Salazar engaged in repeated harassment and used homophobic slurs and sexualized rumors portraying Plaintiff as sexually predatory while knowing Plaintiff was

a sexual assault victim. *Id.* ¶ 31. Plaintiff alleges Defendant Williams participated in sexualized rumor-spreading. *Id.* ¶ 32. Plaintiff alleges Defendant Navarro used homophobic and disability-based insults and promoted a narrative portraying Plaintiff as a stalker. *Id.* ¶ 35. Plaintiff alleges Defendant Moreno used homophobic slurs about Plaintiff and participated in group communications framing Plaintiff's perceived sexual orientation as a negative trait. *Id.* ¶ 36. Plaintiff alleges Defendant Minton-Smith spread and republished false statements about Plaintiff and his friend, Lindsey Johnson, including that the two tried to beat up Minton-Smith. *Id.* ¶ 37. Plaintiff alleges Defendant Denbo published Plaintiff's phone number and sent a threatening message. *Id.* ¶ 38. Plaintiff alleges that Defendants' conduct caused him to fear for his personal safety and caused reputational harm, education disruption, and severe emotional distress. *Id.* ¶ 39.

Later in December 2025, Plaintiff issued an evidence preservation notice related to anticipated litigation. *Id.* ¶ 40. Defendant Navarro allegedly threatened Plaintiff based on the proposed litigation. *Id.* ¶ 41. On December 29, 2025, Plaintiff reported Defendant Navarro's conduct to law enforcement, and a General District Judge issued a preliminary protective order. *Id.* ¶¶ 43–44. Other Defendants engaged in similar threatening behavior after Plaintiff threatened to initiate a lawsuit, including Defendant Lopez, who assaulted Plaintiff on January 6, 2025. *Id.* ¶¶ 45–49.

Based on the foregoing, Plaintiff brings an Equal Protection claim pursuant to 42 U.S.C. § 1983 against Defendant SCPS (Count One); a Title VI Claim pursuant to 42 U.S.C § 2000d against Defendant SCPS (Count Two); and Equal Protection claim pursuant to 42 U.S.C. § 1983 against Defendants Conway and Ricks (Count Three); a Private Conspiracy to Deprive Equal Protection claim pursuant to 42 U.S.C. § 1985(3) against Defendants Salazar, Navarro, Moreno,

Jett, Minton-Smith, Denbo, and Williams (Count Four); a Neglect to Prevent the private conspiracy claim pursuant to 42 U.S.C. § 1986 against unidentified Defendants (Count Five); a Deterrence/Retaliation Claim pursuant to 42 U.S.C. § 1985(2) against Defendants Navarro, Lopez, and unnamed Doe Co-Conspirators (Count Six); and a Neglect to Prevent the deterrence/retaliation claim pursuant to 42 U.S.C. § 1986 against unidentified Defendants (Count Seven). Plaintiff seeks compensatory damages from all Defendants and punitive damages from the individual Defendants. Plaintiff also seeks declaratory and injunctive relief.

## II. STANDARD OF REVIEW

As stated in its prior Memorandum Opinion, ECF No. 2, the Court is obligated to screen complaints filed pursuant to 28 U.S.C. § 1915—the *in forma pauperis* statute—to determine, among other things, whether the complaint states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to this statutory screening obligation, the Court has reviewed Plaintiff's Amended Complaint.

## III. ANALYSIS

Although Plaintiff has cured the Rule 8 deficiency noted in the Court's prior Memorandum Opinion and accompanying Show Cause Order, ECF Nos. 2, 3, the Amended Complaint, with the exception of Count Two, nevertheless fails to state a claim.

**A. Count One – Equal Protection Claim/Deliberate Indifference – 42 U.S.C. § 1983**

Plaintiff brings Count One against Defendant Spotsylvania County Public Schools ("SCPS").[1] Section 1983 creates a cause of action for a person who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983; *see Briggs v. Waters*, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006). "School boards are treated as municipalities for [§ 1983] purposes." *Jackson v. Sch. Bd.*, 2025 WL 2025363, at *11 (E.D. Va. July 18, 2025) (citing *Riddick v. School Bd.*, 238 F.3d 518, 522 n.3 (4th Cir. 2000)).

A claim for municipal liability can only be stated if "the municipality's *policies* were 'the "moving force" behind a deprivation of federal rights.'" *Washington v. Hous. Auth.*, 58 F.4th 170, 182 (4th Cir. 2023) (emphasis added) (quoting *Carter*, 164 F.3d at 218, which in turn quoted *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To state such a claim, commonly referred to as a *Monell* claim, a plaintiff "must point to a 'persistent and widespread practice[] of municipal officials,' the 'duration and frequency' of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their 'deliberate indifference.'" *Owens v. Balt. City St.'s Atty's Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (alteration in original) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1386–91 (4th Cir. 1987)).

Here, Plaintiff has not alleged any facts to support a *Monell* claim against Defendant SCPS. At most, Plaintiff alleges that certain school personnel were aware of Plaintiff's ongoing issues with other students and failed to take action. Plaintiff does not include any facts that sufficiently

[1] The Court treats Plaintiff's use of the name Spotsylvania County Public Schools as a misnomer and that he actually brings claims against Spotsylvania County Public School Board, the proper entity for a suit. *See Schulsky v. Prince William Cnty. Sch. Bd.*, 2026 WL 2723463, at *1 (E.D. Va. Sept. 15, 2026) (overlooking the plaintiff's interchangeable use of school district and school board).

allege that such conduct was widespread or persistent, let alone which school officials were even involved in the alleged equal protection claim. Accordingly, the Court finds that Plaintiff has not stated a claim with respect to Count One, and the Court, pursuant to 28 U.S.C. § 1915(e)(2), will dismiss Count One.

**B. Count Two – Title VI National Origin Hostile Environment/Deliberate Indifference Claim – 42 U.S.C. § 2000d**

Plaintiff brings Count Two against Defendant SCPS. The Fourth Circuit has articulated what a plaintiff must show to state a claim for deliberate indifference to student-on-student harassment:

> To successfully state a claim for deliberate indifference to student-on-student harassment, a plaintiff must show: (1) they were a student at an educational institution receiving federal funds; (2) they suffered [race-, color-, or national origin-based] harassment that was so severe, pervasive, and objectively offensive that it deprived them of equal access to the educational opportunities or benefits provided by their school; (3) the school, through an official who has authority to address the alleged harassment and to institute corrective measures, had actual notice or knowledge of the alleged harassment; and (4) the school acted with deliberate indifference to the alleged harassment.

*Ricketts v. Wake Cnty. Pub. Sch. Sys.*, 125 F.4th 507, 521 (4th Cir. 2025). Pursuant to its review according to 28 U.S.C. § 1915, the Court finds that Count Two passes muster and will survive.

**C. Count Three – Equal Protection Claim – 42 U.S.C. § 1983**

Plaintiff brings Count Three against Defendants Conway and Ricks.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Although [§] 1983 must be 'read against the background of tort liability that makes a man responsible for the natural consequences of his actions,' 'liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs'

rights. The doctrine of respondeat superior has no application under this section.'" *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (first quoting *Monroe v. Pape*, 365 U.S. 167, 187 (1961), and then quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md. 1971), *aff'd*, 451 F.2d 1011 (4th Cir. 1971)).

After reviewing Count Three, the Court finds that Plaintiff's claims are insufficient to pass the Court's screening pursuant to 28 U.S.C. § 1915(e). Plaintiff's allegations do not name Defendants Conway or Ricks as having been informed of what was going on between Plaintiff and the other students, nor do the allegations identify any instance of personal action or lack of action by Defendants Conway or Ricks. In making a § 1983 claim, "the plaintiff must do more than make conclusory claims of individual member conduct; specific allegations of individual conduct are required." *Willey v. Bd. of Educ.*, 557 F. Supp. 3d 645, 664 (D. Md. 2021). Having failed to do so, the Court finds it appropriate to dismiss Count Three.

**D. Count Four – Private Conspiracy Claim – 42 U.S.C. § 1985(3)**

Plaintiff brings Count Four against Defendants Salazar, Navarro, Moreno, Jett, Minton-Smith, Denbo, and Williams.

To bring a private conspiracy claim under 42 U.S.C. § 1985(3), the plaintiff must prove there was "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Additionally, "the plaintiff 'must show an agreement or a meeting of the

minds by the defendants to violate the plaintiff's constitutional rights.'" *Id*. (quoting *Simmons*, 47 F.3d at 1376)).

After reviewing Count Four, the Court finds that Plaintiff's claims are insufficient to pass the Court's screening pursuant to 28 U.S.C. § 1915(e). Plaintiff does not allege that the individual Defendants against whom Claim Four is asserted ever had "an agreement" or "a meeting of the minds." Rather, Plaintiff has alleged parallel conduct and made conclusory allegations that Defendants engaged in a conspiracy, allegations that courts regularly reject. *See Borkowski v. Baltimore Cnty.*, 414 F. Supp. 3d 788, 803 (D. Md. 2019); *A Soc'y Without A Name*, 655 F.3d at 347. Thus, the Court will dismiss Count Four for failure to state a claim.

**E. Count Five – Neglect to Prevent § 1985(3) Claim - 42 U.S.C. § 1986**

Having dismissed Count Four, Count Five necessarily fails. *See Davis v. Hudgins*, 896 F. Supp. 561, 571 (E.D. Va. 1995) ("[T]he failure of a claim under section 1985 defeats a section 1986 claim."), *aff'd*, 87 F.3d 1308 (4th Cir. 1996). Accordingly, the Court will dismiss Count Five.

**F. Count Six – Deterrence/Retaliation Connected to Federal Proceedings – 42 U.S.C. § 1985(2)**

Plaintiff brings Count Six against Defendants Navarro, Lopez, and Doe Co-Conspirators.

"Conspiracy to obstruct justice under § 1985(2) occurs when '[t]wo or more persons conspire to injure [a] party or witness in his person or property' in retaliation for that party or witness testifying in any court of the United States." *Lewin v. Cooke*, 95 F. Supp. 2d 513, 525 (E.D. Va. 2000) (quoting 42 U.S.C. § 1985(2)), *aff'd*, 28 F. App'x 186 (4th Cir. 2002). Similar to a § 1985(3) claim, in a § 1985(2) claim, the plaintiff must show the defendants had an agreement or meeting of the minds to violate the plaintiff's constitutional rights. *Id*.

After reviewing Count Six, the Court finds that Plaintiff's claims are insufficient to pass the Court's screening pursuant to 28 U.S.C. § 1915(e). Plaintiff does not allege that the individual Defendants against whom Claim Five is asserted ever had "an agreement" or "a meeting of the minds" to violate Plaintiff's constitutional rights. Accordingly, the Court will dismiss Count Six.

### G. Count Seven – Neglect to Prevent § 1985(2) Claim – 42 U.S.C. § 1986

Because the underlying § 1985 claim in Count Six will be dismissed, the Court necessarily will dismiss Count Seven.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that, with the exception of Count Two, Plaintiff has failed to submit a viable complaint. Because Counts One, Three, Four, Five, Six, and Seven fail to state any claim on which relief may be granted, the Court must dismiss these Counts. 28 U.S.C. § 1915(e)(2).

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 29, 2026
Richmond, Virginia